

**NUMBERS 13-07-023-CR & 13-07-024-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ERNEST FLING, JR.,**                                             **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                           **Appellee.**

---

**On appeal from the 28th District Court of Nueces County, Texas.**

---

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Yañez and Benavides
## Memorandum Opinion by Justice Yañez

A jury found appellant, Ernest Fling, Jr., guilty of burglary of a habitation with commission of an assault[1] and burglary of a habitation with intent to commit retaliation.[2]

---

[1] TEX. PENAL CODE ANN. § 30.02(a)(3) (Vernon 2003).

[2] *See id*. § 30.02(a)(1). The charges arose out of two separate incidents. The conviction for burglary with commission of an assault (trial court cause number 06-CR-0687-A and appellate cause number 13-07-024-CR) arose out of an incident that occurred on February 18, 2006. The conviction for burglary with intent to commit retaliation (trial court cause number 06-CR-686-A and appellate cause number 13-07-023-CR)

The trial court sentenced him to twenty years' imprisonment for each offense, to be served concurrently. In a single issue, appellant complains that he received ineffective assistance of counsel. We affirm.

## Background

Appellant and the complainant, Rosalie Till, started dating in July 2005. Till lived with her ailing father. According to Till, around October 2005, she began to distance herself from appellant because he became controlling and abusive. On February 18, 2006, Till called the police and reported that appellant had entered her home without permission, dragged her outside, and kicked her in a struggle to force her into his truck. Till testified that ten days later, on February, 28, 2006, she was awakened by the sound of the back door closing. She called 911 and officers responded. The officers searched the outside of the house and discovered appellant's truck in a nearby field. While the officers were outside, Till testified that she waited in the house, and that appellant appeared, put his hand on her throat, and threatened to hurt her and her father if she revealed his presence. According to Till, appellant instructed her to tell the officers he had left. Instead, Till told the officers that appellant was inside the house, hiding in her bedroom closet. The officers entered the home and arrested appellant. The sole issue at trial was whether appellant had entered the home on both occasions without Till's consent. Appellant testified that he had Till's permission to enter the home on both occasions. Clearly, the jury rejected appellant's version of events.

---

arose out of an incident ten days later, on February 28, 2006. Both indictments contained repeat felony offender enhancements. *See* TEX. PENAL CODE ANN. § 12.42(b), (c)(1) (Vernon Supp. 2007). Because the recent amendments to section 12.42 are immaterial, we cite to the current version of the statute.

Following his conviction, appellant's counsel filed a motion for new trial in each cause, in which he alleged, among other things, (1) jury misconduct, (2) that the State failed to disclose certain tape recordings allegedly provided by Till to the police, and (3) that the State failed to disclose "impeaching evidence," including Till's records concerning her treatment for mental illness and her prior convictions. Neither motion alleged that appellant was denied effective assistance of counsel.

Appellant alleges his trial counsel was ineffective because he failed to: (1) adequately pursue a strategy of impeaching Till's testimony concerning her relationship with appellant, her mental health, and various other matters ; (2) adequately question jurors during voir dire; (3) make an opening statement and properly object to certain hearsay testimony; and (4) pursue his motion for new trial. Appellant contends he was prejudiced by his counsel's deficient performance because his conviction rested "almost entirely" on Till's testimony.

**Standard of Review and Applicable Law**

*Strickland v. Washington*,[3] sets forth the standard of review for effectiveness of counsel.[4] *Strickland* requires a two-part inquiry.[5] The defendant must first show that counsel's performance was deficient, in that it fell below an objective standard of reasonableness.[6] Second, the defendant must further prove there is a reasonable

---

[3] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[4] *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

[5] *Id.*

[6] *Id.*

3

probability that but for counsel's deficient performance, the result of the proceeding would have been different.[7] A reasonable probability is a probability sufficient to undermine confidence in the outcome.[8]

The determination regarding whether a defendant received effective assistance of counsel must be made according to the facts of each case.[9] An appellate court looks to the totality of the representation and the particular circumstances of the case in evaluating counsel's effectiveness.[10]

The appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective.[11] There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.[12] An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.[13] Normally, trial counsel should be afforded an opportunity to explain his or her actions "before being condemned as unprofessional and incompetent."[14]

Generally, the record on direct appeal is not sufficient to show trial counsel's tactical

---

[7] *Id.*

[8] *Id.*

[9] *Id.* at 813.

[10] *Id.*

[11] *Id.*

[12] *Id.*

[3] *Id.* at 814.[1]

[14] *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002).

or strategic reasons for his trial decisions; thus it is usually insufficient to overcome the presumption of reasonable and professional conduct.[15]  It is incumbent on appellant to present a record on appeal that shows a lack of plausible trial strategy.[16]  In the face of a record silent as to counsel's strategy, the appellate court should not speculate about counsel's tactics or reasons for taking or not taking certain actions.[17]

## Analysis

Here, the record is insufficient to support appellant's contentions.  First, the record is silent on the reasoning behind counsel's pre-trial investigation methods and his actions during  trial.  In the face of a silent record, we do not speculate on the reasons for trial counsel's decisions.[18]

Secondly, appellant complains that counsel was deficient by failing to obtain a hearing on his motion for new trial.  No hearing was held on appellant's motion.  The motion for new trial, however, did not allege ineffective assistance, and counsel had no opportunity to explain any trial strategy upon which his decisions may have been based.  Because there is no record to show trial counsel's reasons for acting or failing to act in the manner challenged, appellant has failed to establish that his counsel's assistance was ineffective.[19]

---

[15] *Id.* at 833.

[16] *See Jackson v. State*, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994).

[17] *See Bone*, 77 S.W.3d at 833-35.

[18] *See Jackson*, 877 S.W.2d at 771-72 (stating that a silent record does not require an appellate court to speculate on the reasons for trial counsel's decisions).

[19] *See id.*

Moreover, appellant asserts, without argument, explanation, or citation to authority, that "but for trial counsel's deficient representation, there is a reasonable probability that the outcome of the case would have been different." Appellant has failed to explain why the purported failures by trial counsel would have caused a different result. We conclude that appellant has not established the second prong of *Strickland* because he has failed to show in reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.[20]

We conclude appellant has failed to present a sufficient record to rebut the presumption of reasonable and professional conduct by trial counsel.[21] We overrule appellant's sole issue.

**Conclusion**

We affirm the trial court's judgments.

LINDA REYNA YAÑEZ,
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 14th day of August, 2008.

---

[20] *See Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 812.

[21] *See Scheanette v. State*, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004) (rejecting ineffective assistance claim for insufficient record).